FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 17 2023

at 9 o'clock and 45 min. a M
CLERK, U.S. District Court

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Chief, Criminal Division

CRAIG S. NOLAN
MICHAEL D. NAMMAR
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Emails:     Craig.Nolan@usdoj.gov
            Michael.Nammar@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 21-00036 DKW |
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT |
| vs. | |
| JOCELYN GODOY, | DATE:   May 17, 2023<br>TIME:   9:00 a.m.<br>JUDGE:  Hon. Derrick K. Watson |
| Defendant. | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, JOCELYN GODOY, and her attorney,

Victor J. Bakke, Esq., have agreed upon the following:

## THE CHARGES

1.      The defendant acknowledges that she has been charged in the

Indictment with violating Title 18, United States Code, Sections 1343 and 1346.

2.      The defendant has read the charge against her contained in the

Indictment, and that charge has been fully explained to her by her attorney.

3.      The defendant fully understands the nature and elements of the crime

with which she has been charged.

## THE AGREEMENT

4.      The defendant will enter a voluntary plea of guilty to Count 1 of the

Indictment, which charges her with honest services wire fraud.   In return, the

government agrees to move to dismiss Counts 2 and 3 of the Indictment as to the

defendant after sentencing, and not to charge the defendant for any other violations

of Title 18, United States Code, Sections 1343 and 1346, known to the government

as of the date the defendant signs this agreement.

5.      The defendant agrees that this Memorandum of Plea Agreement shall

be filed and become part of the record in this case.

6.      The defendant enters this plea because she is in fact guilty of honest

services wire fraud as charged in Indictment, and she agrees that this plea is

voluntary and not the result of force or threats.

## PENALTIES

7.      The defendant understands that the penalties for the offense to which

she is pleading guilty include:

a.      A term of imprisonment of up to 20 years and a fine of up to

$250,000, plus a term of supervised release up to 3 years.

b.      In addition, the Court must impose a $100 special assessment as

to each count to which the defendant is pleading guilty.   The defendant agrees to

pay $100 for each count to which she is pleading guilty to the District Court's

Clerk's Office, to be credited to said special assessments, before the

commencement of any portion of sentencing.   The defendant acknowledges that

failure to make such full advance payment in a form and manner acceptable to the

prosecution will allow, though not require, the prosecution to withdraw from this

Agreement at its option.

c.      **Forfeiture.**   Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28

U.S.C. § 2461, forfeiture of any property, real or personal, which constitutes or is

derived from proceeds traceable to a violation of a specified unlawful activity

within the meaning of 18 U.S.C. § 1956(c)(7).

3

d.  **Restitution.**   The Court must also award restitution pursuant to Title 18, United States Code, Section 3663A, to the persons and entities victimized by the defendant's offenses.   The defendant understands that the Court will determine the amounts of restitution to be ordered, as well as the persons and entities entitled to such restitution, with the assistance of the United States Probation Office.

e.  **Consequences of Conviction for Non-U.S. Citizens.**   The defendant has been advised by counsel and understands that because the defendant is not a citizen of the United States, the defendant's conviction in this case may have adverse immigration consequences, including the defendant's removal, deportation, or denaturalization from the United States.   The defendant may also be denied United States citizenship and admission to the United States in the future.

## FACTUAL STIPULATIONS

8.     The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the defendant is pleading guilty:

a.     From approximately September 2019 through November 2020, Defendant JOCELYN GODOY was employed by the Department of Planning and Permitting ("DPP") of the City and County of Honolulu (Hawaii) in its Data

4

Access and Imaging Branch.   During the employment, the defendant engaged in a scheme to secretly use her official position to enrich herself by taking bribes in exchange for official actions.   As an employee of DPP, the defendant owed a fiduciary duty to DPP and the citizens of the City and County of Honolulu.   In implementing the scheme, the defendant acted with the intent to defraud by depriving DPP and the citizens of the City and County of Honolulu of their right to honest services from the defendant.

b.   From in or about September 2019 to in or about November 2020, in furtherance of the scheme, the defendant solicited and accepted gifts, payments, and other things of value totaling at least $820.25 from an architect and third-party reviewer ("Architect 1").   The defendant provided favorable official action on behalf of Architect 1 as requested and as opportunities arose, including by emailing Architect 1 electronic copies of DPP documents in response to electronic communications by Architect 1, thereby saving Architect 1 the time and expense of appearing at DPP to obtain hard copies of DPP documents and then digitizing those documents.

c.   In furtherance of the scheme, the defendant took steps to hide, conceal, and cover up her activity and the nature and scope of her dealings with persons who paid her bribes, including by taking bribes in cash and using a personal cell phone for communications with persons who paid her bribes, and by

her failure to inform DPP of the bribes received by her in exchange for provision of special favors to persons who paid her bribes.

      d.    On or about September 25, 2019, for the purpose of executing the scheme to defraud, the defendant knowingly transmitted a wire communication in interstate commerce in the form of a text message to Architect 1 stating, "Let me know if you want both do it can go on your long tab. Lol."

9.    Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10.    Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

      a.    As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit her involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.   If

all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

   b. The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant.   Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b), if the defendant is otherwise eligible.   The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

  11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.   The parties understand that the Court's rejection of any stipulation between the parties

does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12.     The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13.     The defendant is aware that she has the right to appeal her conviction and the sentence imposed.   The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, her conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution or forfeiture order imposed, or the manner in which the sentence, restitution, or forfeiture order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement.   The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

a.     The defendant also waives the right to challenge her conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

8

b.     If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of her sentence in a collateral attack.

c.     The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

14.     In connection with the collection of restitution or other financial obligations, including forfeiture as set forth below, that may be imposed upon her, the defendant agrees as follows:

a.     The defendant agrees to fully disclose all assets in which she has any interest or over which she exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party.   The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement.   To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the

9

defendant by the United States Attorney's Office.   The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case.   The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office.   The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.   The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

b.      The defendant expressly authorizes the United States Attorney's Office to obtain her credit report.   The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing.   The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

c. Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## FORFEITURE

15. As part of her acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, the defendant agrees as follows:

a. The defendant consents to the entry of a money judgment in the amount of $820.25 in United States currency. The defendant acknowledges that $820.25 is property, real or personal, which constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity within the meaning of 18 U.S.C. § 1956(c)(7) or a conspiracy to commit such offense.

b. The defendant knowingly and voluntarily waives and agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. The defendant waives all constitutional, legal, and equitable defenses to the entry of and collection of the Forfeiture Money Judgment. The defendant knowingly and voluntarily waives any right to a jury trial on the forfeiture of property.

11

c.     The defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the property.   The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The defendant acknowledges that she understands that the forfeiture of the property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the change of plea hearing.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the Forfeiture Money Judgment becoming final as to the defendant when entered.

d.     The defendant understands that the forfeiture of the forfeitable property does not constitute and will not be treated as satisfaction, in whole or in part, of any fine, restitution, reimbursement of cost of imprisonment, or any other monetary penalty this Court may impose upon the defendant in addition to the forfeiture.

e.     The defendant represents and agrees that, within the meaning of 21 U.S.C. § 853(p), the Forfeiture Money Judgment amount, $820.25, represents

property subject to forfeiture that, as a result of any act or omission of the

defendant,

      (A) cannot be located upon the exercise of due diligence;

      (B) has been transferred or sold to, or deposited with, a third party;

      (C) has been placed beyond the jurisdiction of the court;

      (D) has been substantially diminished in value; or

      (E) has been commingled with other property which cannot be divided without difficulty.

      f.     Payment of the Forfeiture Money Judgment shall be made by

postal money order, bank check, or certified check payable to the United States

Marshals Service.   On or before the date she enters her plea of guilty pursuant to

this agreement, the defendant shall cause said check to be hand-delivered to the

Asset Forfeiture Unit, United States Attorney's Office, District of Hawaii, PJKK

Federal Building, 300 Ala Moana Boulevard, Room 6-100, Honolulu, Hawaii

96850, with the criminal docket number noted on the face of the check.

      g.     If the Forfeiture Money Judgment is not paid on or before the

date the defendant enters her plea of guilty pursuant to this agreement, interest

shall accrue at the judgment rate of interest (as defined by 28 U.S.C. § 1961) on

any unpaid portion thereof at the judgment rate of interest from that date.

Furthermore, if the defendant fails to pay any portion of the Forfeiture Money

Judgment on or before the date of her guilty plea, the defendant consents to the

13

forfeiture of any other property alleged to be subject to forfeiture in the Indictment, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment, including any accrued interest, is paid in full.

## IMPOSITION OF SENTENCE

16.     The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.   The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

17.     The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

18.     The defendant understands that by pleading guilty she surrenders certain rights, including the following:

a. If the defendant persisted in a plea of not guilty to the charges against her, then she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and her attorney

15

would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on her own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

        e.     At a trial, the defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

19.    The defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

### USE OF PLEA STATEMENTS

20.    If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw her guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that she makes by signing this Agreement or that she makes while pleading guilty as set forth in this Agreement may be used against her in a subsequent trial if the defendant later proceeds to trial. The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements

made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn. The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

21.    The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

22.    The defendant and her attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty. Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

## COOPERATION

23.    The defendant agrees that she will fully cooperate with the United States.

   a.    The defendant agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests her to testify,

including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others charged later in the investigation, sentencing hearings, and related civil proceedings.

   b. The defendant agrees to be available to speak with law enforcement officials and representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but she understands she may have her counsel present at those conversations, if she so desires.

   c. The defendant agrees she will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes charged in this Indictment or any subsequent charges related to this investigation, at which the prosecution requests her to testify.

   d. The defendant agrees that his sentencing date may be delayed based on the government's need for the defendant's continued cooperation, and agrees not to object to any continuances of the defendant's sentencing date sought by the United States.

   e. Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline

range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

24. In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after the defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter.   The defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

25. Pursuant to Guidelines § 5K1.1 and Rule 35(b) of the Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense.   Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for charge in Count 1 on the ground that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.   The defendant understands that:

   a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

   b. This Agreement does not require the prosecution to make such a request or motion.

   c. This Agreement confers neither any right upon the defendant to have the prosecution make such a request or motion, nor any remedy to the defendant in the event the prosecution fails to make such a request or motion.

   d. Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

 26. To become effective, this Agreement must be signed by all signatories listed below.

27.    Should the Court refuse to accept this Agreement, it is null and void

and neither party shall be bound thereto.

AGREED:

CLARE E. CONNORS
United States Attorney
District of Hawaii

_____            Dated:  _5/15/23_
KENNETH M. SORENSON
Chief, Criminal Division

_____            Dated:  _5/15/23_
CRAIG S. NOLAN
MICHAEL D. NAMMAR
Assistant U.S. Attorneys

_____            Dated:  _5/12/2023_
JOCELYN GODOY
Defendant

_____            Dated:  _5/12/2023_
VICTOR J. BAKKE
Attorney for Defendant

21