AO 245B  (Rev. 6/05) Judgment in a Criminal Case
Sheet 2 - Imprisonment

DEFENDANT: JOCELYN GODOY
CASE NUMBER: 1:21CR00036-001

Judgment - Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: SIXTY (60) DAYS.

[✔]  The court makes the following recommendations to the Bureau of Prisons:
1. Defendant to be placed at the Federal Detention Center, Honolulu (1st choice to be near family) or at a facility located in Seattle (2nd choice); and
2. Defendant to receive Vocational and Educational Training.

[ ]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district.
    [ ] at ___ on ___.
    [ ] as notified by the United States Marshal.

at 3 o'clock and 60 min. P M

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
NOV 07 2023
Lucy H. Carrillo, Clerk  cw

[✔]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [✔] before 2:00 p.m. on October 11, 2023.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

Defendant delivered Surrendered on 09-12-23 to FDC HONOLULU
351 ELLIOT ST
HONOLULU, HI 96820

at _____, with a certified copy of this judgment.

Estela Derr
~~UNITED STATES MARSHAL~~
WARDEN

By /s. Martal.
~~Deputy U.S. Marshal~~
CORRECTIONAL SYSTEMS OFFICER

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 1

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 30 2023

at ___ o'clock and ___ min. ___ M
Lucy H. Carrillo, Clerk

# United States District Court
## District of Hawaii

UNITED STATES OF AMERICA
v.
**JOCELYN GODOY**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **1:21CR00036-001**
USM Number: **12396-122**

Victor J. Bakke
Defendant's Attorney

**THE DEFENDANT:**

[✓] pleaded guilty to count: 1 of the Indictment.
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1343 and 1346 | Honest Services Wire Fraud Scheme | 11/2020 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✓] Counts 2 and 3 of the Indictment as to Defendant Jocelyn Godoy are dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

August 30, 2023
Date of Imposition of Judgment

Signature of Judicial Officer

**DERRICK K. WATSON, Chief United States District Judge**
Name & Title of Judicial Officer

8/30/23
Date

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT: JOCELYN GODOY
CASE NUMBER: 1:21CR00036-001

Judgment - Page 3 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: TWO (2) YEARS.

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.
    - [✔] The above drug testing condition is suspended, based on the court's determination that you poses a low risk of future substance abuse. *(Check if applicable.)*
4. [ ] You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(Check if applicable.)*
5. [✔] You must cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable)*
6. [ ] You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location you reside, work, are a , or were convicted of a qualifying offense. *(Check if applicable)*
7. [ ] You must participate in an approved program for domestic violence. *(Check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3A - Supervised Release

DEFENDANT: JOCELYN GODOY
CASE NUMBER: 1:21CR00036-001

Judgment - Page 4 of 7

## STANDARD CONDITIONS OF SUPERVISION

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by the probation officer. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a probation officer's question shall not be considered a violation of this condition.
5. You must live at a place approved by the probation officer. If you plan to change where you live or who lives with you, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time reasonable under the circumstances at your home or elsewhere, and you must permit, to the extent you are able or authorized to do so, the probation officer to take any items prohibited by the conditions of your supervision that the officer observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or if there are substantial changes to your job responsibilities, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. Unless you have received advance permission from the probation officer or the association is required by supervision conditions, you must not voluntarily and intentionally associate with any person you know is engaged in committing a federal, state, or local crime, not including traffic offenses, whether the crime is being committed in or outside of your presence. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, as defined in 18 U.S.C. § 921(a)(4), or dangerous weapon (that is, anything that was designed or was modified for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to an organization or a person relating to your criminal record or personal history or characteristics, the probation officer may require, with the court's approval, that you notify that organization or person (or that person's parent, guardian, caretaker, or other individual responsible for the person's welfare) about the risk, and you must comply with that instruction. The probation officer may contact the organization or person that you were directed to notify and confirm that you notified that organization or person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at : www.uscourts.gov.

Defendants Signature _____

Date _____

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3D - Supervised Release

DEFENDANT: JOCELYN GODOY
CASE NUMBER: 1:21CR00036-001

Judgment - Page 5 of 7

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

1. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the US Attorney's Office.

2. You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245 B (Rev. 02/18) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

DEFENDANT: JOCELYN GODOY  
CASE NUMBER: 1:21CR00036-001

Judgment - Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| Totals: | $ 100.00 | $ | $ | $ |

[ ] The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ ___ | $ ___ |  |

[ ] Restitution amount ordered pursuant to plea agreement  $ ___

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ] the interest requirement is waived for the    [ ] fine    [ ] restitution

    [ ] the interest requirement for the   [ ] fine    [ ] restitution is modified as follows:

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22  
**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

DEFENDANT: **JOCELYN GODOY**
CASE NUMBER: **1:21CR00036-001**

Judgment - Page 7 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [ ] Lump sum payment of $ _ due immediately, balance due
  [ ] not later than _ , or
  [ ] in accordance [ ] C, [ ] D, [ ] E, or [ ] F below, or

B [✔] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C [ ] Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D [ ] Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[✔] The defendant shall forfeit the defendant's interest in the following property to the United States:

Please refer to ECF No. 42 Order of Forfeiture (Money Judgment) (SEE ATTACHED).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 17 2023

at 9 o'clock and 15 min. A M ___
CLERK, U.S. District Court

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

CRAIG S. NOLAN
MICHAEL D. NAMMAR
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Emails:  Craig.Nolan@usdoj.gov
         Michael.Nammar@usdoj.gov

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 21-00036 DKW |
| Plaintiff, | ORDER OF FORFEITURE (MONEY JUDGMENT) |
| vs. | |
| JOCELYN GODOY, | |
| Defendant. | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

WHEREAS a three-count Indictment was filed on March 17, 2021 charging defendant Jocelyn Godoy with committing three counts of honest services wire fraud in violation of 18 U.S.C. §§ 1343 and 1346 (Counts 1 through 3) and providing notice that, upon conviction, the government would seek forfeiture; and

Case 1:21-cr-00036-DKW   Document 54   Filed 11/07/23   Page 9 of 14   PageID.221
Case 1:21-cr-00036-DKW   Document 51-1   Filed 09/30/23   Page 2 of 7   PageID.170
Case 1:21-cr-00036-DKW   Document 42   Filed 09/19/23   Page 2 of 7   PageID.110

WHEREAS, on or about May 17, 2023, defendant Jocelyn Godoy entered (or will enter) a plea of guilty to Count 1 of the Indictment, which charges her with committing honest services wire fraud in violation of 18 U.S.C. §§ 1343 and 1346; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, a person convicted of a violation of 18 U.S.C. § 1343, which is an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to that offense; and

WHEREAS the United States seeks the entry of a forfeiture money judgment in the amount of $820.25 in United States currency (the "Forfeiture Money Judgment"); and

WHEREAS, in her plea agreement, defendant Jocelyn Godoy consented to the entry of the Forfeiture Money Judgment; and

WHEREAS the Court has considered the defendant's plea of guilty, other evidence already in the record, and any additional evidence and information submitted by the parties; and

WHEREAS the value of the Forfeiture Money Judgment is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 as property, real or personal, which constitutes or is derived from proceeds traceable to the

2

Case 1:21-cr-00036-DKW Document 54 Filed 11/07/23 Page 10 of 14 PageID.222
Case 1:21-cr-00036-DKW Document 51-1 Filed 08/30/23 Page 3 of 7 PageID.204
Case 1:21-cr-00036-DKW Document 42 Filed 05/17/23 Page 3 of 7 PageID.134

offense to which defendant Jocelyn Godoy has pled guilty, and the Court so finds; and

WHEREAS the United States is now entitled to a forfeiture money judgment in the amount of $820.25 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

WHEREAS, pursuant to the Indictment and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture if, as a result of any act or omission of the defendant, any property subject to forfeiture:

    (A)    cannot be located upon the exercise of due diligence;

    (B)    has been transferred or sold to, or deposited with, a third party;

    (C)    has been placed beyond the jurisdiction of the court;

    (D)    has been substantially diminished in value; or

    (E)    has been commingled with other property which cannot be divided without difficulty; and

WHEREAS Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

WHEREAS defendant Jocelyn Godoy:

    (1)    Acknowledges that $820.25 is subject to forfeiture as described above; and

Case 1:21-cr-00036-DKW   Document 54   Filed 11/07/23   Page 11 of 14   PageID.223
Case 1:21-cr-00036-DKW   Document 51-1   Filed 08/30/23   Page 4 of 7   PageID.205
Case 1:21-cr-00036-DKW   Document 42   Filed 05/17/23   Page 4 of 7   PageID.112

(2) Consents to the imposition of a forfeiture money judgment in the amount of $820.25 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

(3) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property to satisfy the forfeiture money judgment; and

(4) Agrees that this Order is final at the time of its entry by the Court pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure; and

(5) Waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction; and

(6) Acknowledges that she understands that forfeiture will be part of the sentence imposed upon her in this case and waives any failure by the Court to advise her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(7) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(8) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Order; and

WHEREAS good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order shall become final as to defendant Jocelyn Godoy on the date

Case 1:21-cr-00036-DKW Document 54 Filed 11/07/23 Page 12 of 14 PageID.224
Case 1:21-cr-00036-DKW Document 51-1 Filed 08/30/23 Page 5 of 7 PageID.206
Case 1:21-cr-00036-DKW Document 42 Filed 05/17/23 Page 5 of 7 PageID.116

it is entered by the Court, and it shall be made part of the sentence of defendant Jocelyn Godoy and shall be included in the judgment of conviction of defendant Jocelyn Godoy; and

THAT, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, defendant Jocelyn Godoy shall forfeit to the United States the sum of $820.25; and

THAT a money judgment in the amount of $820.25 (the "Forfeiture Money Judgment") is hereby entered against the defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

THAT all payments on the Forfeiture Money Judgment shall be made by postal money order, bank check, or certified check made payable to the United States Marshals Service and delivered to the United States Attorney's Office, District of Hawaii, Attn: Asset Forfeiture Coordinator, PJKK Federal Building, 300 Ala Moana Boulevard, Suite #6-100, Honolulu, Hawaii 96850, with the defendant's name and criminal docket number noted on the face of the check; and

THAT upon execution of this Order, and pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461, the United States Marshals Service shall be authorized to deposit the payments on the Forfeiture Money Judgment into the Department of Justice Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property; and

Case 1:21-cr-00036-DKW Document 54 Filed 11/07/23 Page 13 of 14 PageID.225
Case 1:21-cr-00036-DKW Document 54-1 Filed 08/30/23 Page 6 of 7 PageID.207
Case 1:21-cr-00036-DKW Document 42 Filed 05/17/23 Page 6 of 7 PageID.114

THAT, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and issuance of subpoenas; and

THAT the United States may move at any time pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p) to amend this Order to include substitute property having a value not to exceed $820.25 in United States currency to satisfy the Forfeiture Money Judgment in whole or in part; and

THAT, if this Order is amended to include such substitute property, the United States is authorized to seize that property pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure; and

THAT the value of any substitute assets, including any forfeited money and the net proceeds derived from the sale of any forfeited property, will be applied to the Forfeiture Money Judgment until the Forfeiture Money Judgment is satisfied in full; and

//
//
//

THAT this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

The undersigned hereby consent to
the entry and form of this order:

CLARE E. CONNORS
United States Attorney

_____ Dated: May 17, 2023
By: CRAIG S. NOLAN
Assistant United States Attorney

_____ Dated: May 17, 2023
VICTOR J. BAKKE, ESQ.
Attorney for Defendant Jocelyn Godoy

_____ Dated: May 17, 2023
JOCELYN GODOY
Defendant

_____ 5/17/23
HONORABLE DERRICK K. WATSON
United States District Judge

USA v. Jocelyn Godoy: Criminal No. 21-00036 DKW; "Order of Forfeiture (Money Judgment)"

7